**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN ALLURE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NURSE JANE DOE, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 25-1240 (GC) (JTQ)<br><br>**MEMORANDUM & ORDER** |

**CASTNER, District Judge**

　　Plaintiff, a pretrial detainee, is proceeding *pro se* with a civil rights complaint (ECF No. 1 ("Complaint")). Plaintiff has applied to proceed *in forma pauperis* ("IFP") (ECF No. 1-1 ("Application to Proceed IFP")) and has requested that the Court send him instructions to serve Defendants through the U.S. Marshal's Office (ECF No. 2 ("Request")). Leave to proceed without prepayment of fees is authorized. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court, and the Complaint will be screened in due course.

　　IT IS, therefore, on this day 20th of May, 2025, **ORDERED** as follows:

　　**ORDERED** that Plaintiff's Application to Proceed IFP pursuant to 28 U.S.C. § 1915 (ECF No. 1-1) is **GRANTED**; and it is further

　　**ORDERED** that Plaintiff's Request (ECF No. 2) is **DENIED** without prejudice; and it is further

　　**ORDERED** that the Clerk of the Court shall mark the Complaint (ECF No. 1) as deemed filed; and it is further

**ORDERED** that **SUMMONS SHALL NOT ISSUE** at this time as this Court's *sua sponte* screening of Plaintiff's Complaint has not yet been completed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Memorandum and Order by regular mail upon the Attorney General of the State of New Jersey and the Warden of the Camden County Department of Corrections Facility; and it is further

**ORDERED** that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date ninety (90) days after the Court permits the Complaint to proceed; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Memorandum and Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from

2

Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

*(signature)*
GEORGETTE CASTNER
United States District Judge