<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KEVIN ALLURE,<br><br>    Plaintiff,<br><br>    v.<br><br>NURSE JANE DOE & DOCTOR JOHN DOE,<br><br>    Defendants. | Civil Action No. 25-1240 (GC) (JTQ)<br><br>**<u>OPINION</u>** |

**<u>CASTNER, District Judge</u>**

**THIS MATTER** comes before the Court on the filing of a complaint (Complaint) (ECF No. 1), and a motion requesting *sua sponte* screening of the Complaint (Motion to Screen) (ECF No. 4) by *pro se* Plaintiff Kevin Allure. At the time Plaintiff submitted his Complaint, Plaintiff was a pretrial detainee confined at Camden County Correctional Facility ("CCCF") in Camden, New Jersey. The Court has granted Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 3), and the Complaint is now subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) and 42 U.S.C. § 1997e(c) to determine whether the Court should dismiss the pleading as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit.

The Court concludes that dismissal of this matter is not warranted at this early stage of the proceeding. The Motion to Screen is **DENIED** as moot.

## I.    BACKGROUND

In his Complaint, Plaintiff alleges that he is a pretrial detainee confined at the CCCF. (ECF No. 1 at 1-2.) The Complaint names two Defendants: (1) Nurse Jane Doe, who allegedly failed to prescribe medications to alleviate Plaintiff's withdrawal symptoms after Suboxone was discontinued and did not schedule him to see a doctor ("Nurse Jane Doe"); and (2) Doctor John Doe, the doctor in charge of the medical department who allegedly did not give Plaintiff medications to alleviate his Suboxone withdrawal symptoms ("Doctor John Doe"). (ECF No. 1 at 4.)

According to Plaintiff, on September 21, 2024, Plaintiff became very sick because the CCCF medical department discontinued his Suboxone prescription. (*Id.* at 5.) The medical department had previously put Plaintiff on a thirty-day course of Suboxone (at 4 mg) and then "ended it abruptly." (*Id.*) "However, it was expected for [Plaintiff] to have withdraw[al] symptoms." (*Id.*) Plaintiff wrote to "medical" to be treated for his "horrible symptoms of cold sweats, stomach pain, vomiting, headache, and fever." (*Id.* at 5-6.)

Plaintiff participated in a sick call on October 7, 2024. (*Id.* at 6.) Nurse Jane Doe did not prescribe Plaintiff any medications for his withdrawal and only told him she would tell the doctor. (*Id.*) Waiting to see the doctor, Plaintiff had no medications to alleviate his intense pain and suffering. (*Id.*) Plaintiff did not see the doctor for at least two weeks, at which point his withdrawal symptoms had run their course. (*Id.* (alleging both that he saw the doctor "over two weeks later" and "it was about 3-4 weeks later").) But Plaintiff wrote daily sick call requests. (*Id.* (listing requests dated September 21, 2024, September 23, 2024, September 24, 2024, September 25, 2024, September 29, 2024, October 1, 2024, and October 2, 2024).) Plaintiff is suing Doctor John Doe

2

for not calling him "while [Plaintiff] was writing everyday complaining on the kiosk machine." (*Id.* (further alleging Plaintiff filed two grievances in October and November 2024, respectively)).

On or about December 26, 2024,[1] Plaintiff submitted his *pro se* Complaint, which was received on February 13, 2025. (ECF No. 1.) On May 20, 2025, the Court granted Plaintiff's application to proceed IFP, ordered the Clerk of the Court to mark the Complaint as filed, and stated that the Complaint is subject to *sua sponte* screening and will be screened in due course. (ECF No. 3 at 1-2.) On August 5, 2025, Plaintiff moved for *sua sponte* screening.[2] (ECF No. 4.)

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner is proceeding *in forma pauperis*.[3] *See* 28 U.S.C. § 1915(e)(2)(B). Courts must also review prisoner complaints seeking redress against a governmental employee or entity, *see id.* § 1915A(a), or bringing an action with respect to prison conditions, *see* 42 U.S.C. § 1997e(c). District courts may *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B), 1915A(a), or 1997e(c)(1) is the same as that for dismissing a complaint pursuant

---

[1]  *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998) (holding that a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court).

[2]  According to an October 25, 2025 letter, Plaintiff was transferred from CCCF to Ann Klein Forensic Center in West Trenton, New Jersey. (ECF No. 5.) In a December 8, 2025 letter, Plaintiff notified the Court that he was returned to CCCF. (ECF No. 7.)

[3]  The term "prisoner" includes pretrial detainees. *See* 28 U.S.C. §§ 1915(h), 1915A(c); 42 U.S.C. § 1997e(h).

to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). A court properly grants a motion to dismiss under Rule 12(b)(6) "if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citing *Bartholomew v. Fischl*, 782 F.2d 1148, 1152 (3rd Cir. 1986)).

At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in Plaintiff's favor, and asks only whether the pleading, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). The complaint must allege "'sufficient factual matter' to show that the claim is facially plausible." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Conclusory allegations do not suffice. *See id.*; *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (stating that courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements" (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).

While courts liberally construe *pro se* pleadings, *pro se* litigants still are required to allege sufficient facts to support a claim. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

4

"[The Court's] preliminary review under 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service." *Stahler v. Kelly*, No. 25-15183, 2026 WL 475379, at *2 n.1 (D.N.J. Feb. 19, 2026) (citing *Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020).

## III.   **DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1 at 2.)  To state a claim for relief under § 1983, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right. *See Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

The Court construes the *pro se* Complaint as alleging an individual-capacity damages claim under § 1983 against Nurse Jane Doe and Doctor John Doe for denial of medical treatment.  The Eighth Amendment's prohibition on cruel and unusual punishment requires prison officials to provide basic medical treatment to inmates.[4]  *See Perotti v. United States*, 664 F. App'x 141, 144 (3d Cir. 2016) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)); *see also Duran v. Merline*, 923 F. Supp. 2d 702, 719 (D.N.J. 2013) (explaining that the Constitution mandates that prison officials satisfy inmates' "basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety" (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993))).

To plead deliberate indifference to serious medical needs, an inmate must allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and

---

[4]   As a pretrial detainee, Plaintiff's right to adequate medical care arose under the Due Process Clause of the Fourteenth Amendment. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003).  But courts analyze such claims using the same deliberate indifference standard that applies under the Eighth Amendment. *See id.* at 581-82.

(3) the deliberate indifference caused harm to the plaintiff." *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citing *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003)).

"A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson*, 316 F.3d at 272-73).

The Third Circuit has found "'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Parkell v. Danberg*, 833 F.3d 313, 337 (3d Cir. 2016) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Liberally construing the *pro se* Complaint in Plaintiff's favor, accepting the factual allegations as true, and viewing the allegations in the light most favorable to Plaintiff, the Court concludes that, for screening purposes, Plaintiff adequately alleges both a serious medical need and deliberate indifference. As to the "serious medical condition" prong, Plaintiff alleges that he was prescribed Suboxone for thirty days, upon the abrupt discontinuation of Suboxone, he suffered multiple withdrawal symptoms for several weeks (cold sweats, stomach pain, vomiting, headache, and fever), and, during a sick call, Nurse Jane Doe informed Plaintiff that she would tell the doctor about his condition. (ECF No. 1 at 5-6.) On screening, a reasonable inference may be drawn from these alleged facts that the need to treat his withdrawal symptoms was so obvious that a lay person

6

would easily recognize the necessity for a doctor's attention. *See Iqbal*, 556 U.S. at 678; *Mitchell*, 492 F. App'x at 236.

Regarding the second "deliberate indifference" prong, Plaintiff plausibly alleges for screening purposes that Nurse Jane Doe and Doctor John Doe either knew of Plaintiff's need for medical treatment for his withdrawal symptoms but intentionally refused to provide it; delayed necessary medical treatment; or prevented him from receiving needed or recommended medical treatment. *See Parkell*, 833 F.3d at 337. Specifically, according to the Complaint, Plaintiff "wrote to medical to be treated for the horrible [withdrawal] symptoms of cold sweats, stomach pain, vomiting, headache and fever," but, instead of prescribing medications for his condition, Nurse Jane Doe "only told [him] she would tell the doctor." (ECF No. 1 at 5-6.) However, despite the nurse's statement, and Plaintiff's requests to see the doctor, and his ongoing symptoms, Plaintiff was not seen by a doctor for at least two weeks. (*Id.* at 6.)

Accordingly, the Court proceeds the Complaint.[5] However, the summons and complaint cannot be served on an unidentified individual or individuals. Plaintiff shall have ninety (90) days in which to submit an identical amended complaint as the original complaint, but that now names Nurse Jane Doe and Doctor John Doe. If Plaintiff cannot discover the Defendant(s)' identit(ies), he may submit to the Court a request for a subpoena(s) under Federal Rule of Civil Procedure 45(c)(2), describing a prison official who he believes has the ability to produce documents that

---

[5]    The Court's preliminary review does not "determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by a defendant after service." *Stahler*, 2026 WL 475379, at *2 n.1 (citation omitted).

would identify Nurse Jane Doe and/or Doctor John Doe, together with any information that would help identify the Defendant(s).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Complaint shall proceed past screening. Because the Court has screened the Complaint under §§ 1915(e)(2)(B), 1915A(a), or 1997e(c)(1), the Motion to Screen is **DENIED** as moot. Plaintiff shall have ninety (90) days in which to submit an amended complaint that names the unidentified Defendants. If Plaintiff cannot discover the Defendant(s)' identit[ies], he may submit to the Court a request for a subpoena(s) under Federal Rule of Civil Procedure 45(c)(2), describing a prison official who he believes has the ability to produce documents that would identify Nurse Jane Doe and/or Doctor John Doe, together with any information that would help identify the Defendant(s).

An appropriate Order follows.

DATED: March 30, 2026

GEORGETTE CASTNER
United States District Judge

8